# United States Court of Appeals for the Federal Circuit

---

**INTELLECTUAL VENTURES I LLC,**
*Plaintiff-Appellant*

**v.**

**TREND MICRO INCORPORATED, TREND MICRO INC. (USA),**
*Defendants-Appellees*

---

2019-1122

---

Appeal from the United States District Court for the District of Delaware in No. 1:12-cv-01581-LPS, Chief Judge Leonard P. Stark.

---

Decided: December 19, 2019

---

JOHN PIERRE LAHAD, Susman Godfrey LLP, Houston, TX, argued for plaintiff-appellant. Also represented by RICHARD W. HESS; PARKER C. FOLSE, III, Seattle, WA.

YAR ROMAN CHAIKOVSKY, Paul Hastings LLP, Palo Alto, CA, argued for defendants-appellees. Also represented by DAVID BECKWITH, PHILIP OU.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

This is an appeal from the district court's finding of exceptionality under 35 U.S.C. § 285 and its subsequent grant of attorney fees. Because it is unclear whether the district court applied the proper legal standard, we vacate and remand for an analysis under the proper legal standard.

BACKGROUND

In 2010, Intellectual Ventures I LLC filed a complaint for patent infringement against Trend Micro, Inc., Symantec Corp., and two other defendants for infringement of claims in U.S. Patent Nos. 5,987,610, 6,073,142, 6,460,050, and 7,506,155. The district court severed the claims against Trend Micro from the claims against Symantec (hereinafter, the "Trend Micro action" and the "Symantec action") and set separate trials in each action.[1]

The '050 patent is directed to systems and methods for filtering data files (such as email messages) based on their content. The word "characteristic" appears in asserted claims 9, 16, and 22 of the '050 patent.

During claim construction in the Symantec action, the parties disputed the meanings of several terms containing the word "characteristic." Throughout claim construction and pretrial proceedings in the Symantec action, Intellectual Ventures's expert consistently opined that a "characteristic" is "an attribute of the document such as whether it contains a virus or is SPAM or *bulk email* or includes copyrighted content." J.A. 610 (emphasis added); *see also* J.A. 614 ¶ 178 (expert declaration), 617 l. 19–618 l. 5 (deposition testimony). The district court adopted Intellectual

---

[1]    The parties stipulated to dismissal of all claims related to the '155 patent before trial in the Symantec action.

Ventures's proposed constructions for the "characteristic" claim terms in the Symantec action. The district court also adopted its claim construction order from the Symantec action in the Trend Micro action.

The jury trial against Symantec proceeded first. During cross-examination at trial, Intellectual Ventures's expert changed his opinion, testifying that bulk email was not a characteristic for purposes of claim 9 of the '050 patent. J.A. 630–33. He further testified that he "changed [his] opinion after [he] had a chance to prepare for trial working with Intellectual Ventures'[s] lawyers." J.A. 633 ll. 21–24. The jury found that Symantec did not infringe the asserted claims of the '050 patent but that Symantec had infringed the asserted claims of the '142 and '610 patents.

Following the completion of trial in the Symantec action, Trend Micro moved for clarification of the district court's claim constructions in light of the expert's changed opinion. During the hearing on Trend Micro's motion, Intellectual Ventures's counsel maintained that the expert had not changed his opinion, despite the expert's clear trial testimony to the contrary. J.A. 824. Intellectual Ventures further argued that bulk email "never was" within the scope of claim 9 under the court's claim construction, because "bulk does not describe the content." J.A. 811. The district court granted Trend Micro's motion for clarification and included "bulk email" as an example of a "characteristic" in its revised constructions for the "characteristic" terms in claims 9, 16, and 22. The district court reasoned that it "learn[ed] only at the last minute" that Intellectual Ventures understood the claim construction to mean "that bulk email was excluded from claim 9 when it was clearly in the other claims." J.A. 1077. This "was a surprise inconsistent with the representations from" Intellectual Ventures, and "not what [the court] had intended" by its original claim construction. *Id.*

After the trial against Symantec, the district court also granted leave for Symantec and Trend Micro to file motions for judgment as a matter of law that the asserted patent claims were invalid under 35 U.S.C. § 101. The district court granted Trend Micro's motion in part, holding the asserted claims of the '142 and '050 patents invalid. We affirmed as to the '142 and '050 patents, and further held the asserted claims of the '610 patent invalid. *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1311 (Fed. Cir. 2016). After granting Trend Micro's motion, the district court canceled the trial in the Trend Micro action.

Trend Micro then moved for attorney fees under § 285, requesting that the court declare the case exceptional due to the circumstances surrounding Intellectual Ventures's expert's changed opinion. Ruling from the bench, the district court granted Trend Micro's motion. The district court concluded that Intellectual Ventures's conduct was exceptional "solely with respect to this collection of circumstances regarding [its expert's] changed testimony." J.A. 58–59. Considering "whether the case overall is exceptional," however, the district court expressly "f[ou]nd it was not." J.A. 57. The district court also concluded that "it would be wrong to say that [Intellectual Ventures's] case was objectively unreasonable." J.A. 56. After reviewing the parties' briefing regarding accounting, the district court awarded Trend Micro $444,051.14 in attorney fees.

Intellectual Ventures appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing

law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

We "apply an abuse-of-discretion standard in reviewing all aspects of a district court's § 285 determination." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). "The abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error." *Id.* at 563 n.2.

II

It is not clear that the district court applied the proper legal standard when it considered whether the case was exceptional under § 285. The district court considered "whether [Intellectual Ventures's] case was objectively unreasonable" and concluded "it was not." J.A. 56. The district court also considered "whether the case overall is exceptional" and concluded "it was not." J.A. 57. Nonetheless, the district court found that the circumstances surrounding the expert's changed opinion "stand out from other cases, [and] from all the other portions of this case[,] in terms of either the substantive strength of a position [Intellectual Ventures] was advocating or the manner with which [Intellectual Ventures] was litigating." J.A. 58. The district court determined that the circumstances surrounding the expert's changed opinion alone were "exceptional, st[ood] out, and [met] the standard of Section 285." J.A. 59.

Instead of determining whether the case was exceptional, it appears that the district court may have focused on whether one discrete portion of the case stood out "from other cases, from all the other portions of this case[,] in terms of either the substantive strength of a position [Intellectual Ventures] was advocating or the manner with which [Intellectual Ventures] was litigating." J.A. 58. This

is not the appropriate analysis.  Section 285 gives the district court discretion to depart from the American Rule and award attorney fees "in exceptional cases."  Accordingly, under the statute, the district court in this case should have determined whether the circumstances surrounding the expert's changed opinion were such that, when considered as part of the totality of circumstances in the case, the case stands out as exceptional.

Intellectual Ventures argues that a district court may never find a case exceptional based on a single, isolated act.  According to Intellectual Ventures, a case is exceptional only when there are "repeated instances—*i.e.*, a pattern—of bad faith, sharp tactics, and unreasonable litigation positions."  Reply Br. 3.  The district court made clear that it did not view the circumstances surrounding the expert's changed opinion as a single, isolated act.  Regardless, we decline Intellectual Ventures's invitation to adopt this bright-line rule.

We hold that a district court has discretion, in an appropriate case, to find a case exceptional based on a single, isolated act.  The Supreme Court has made clear that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Octane*, 572 U.S. at 554.  The Court has also explained that "[t]here is no precise rule or formula for making these determinations," and disapproved a formulation that "superimpose[d] an inflexible framework onto statutory text that is inherently flexible."  *Id.* at 554–55 (first alteration in original) (citation omitted).  Rather, "[section] 285 commits the determination whether a case is 'exceptional' to the discretion of the district court."  *Highmark*, 572 U.S. at 563.  Whether the conduct is a single, isolated act or otherwise, the relevant question for the district court is the same.  The district court must determine whether the conduct, isolated or otherwise, is such that when considered as part of and along with the totality of circumstances, the case is exceptional,

i.e., the case stands out among others with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated. *Octane*, 572 U.S. at 554.

Trend Micro notes that courts frequently award attorney fees under § 285 in an amount related to particular conduct and circumstances that stood out and made a case exceptional, even when the entirety of the conduct in the case was not exceptional from start to finish. This is, of course, true. For example, in *Rembrandt Technologies*, we explained that after determining that a case is exceptional, a court must award fees in an amount that "bear[s] some relation to the extent of the misconduct." *In re Rembrandt Techs. LP Patent Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018) (quoting *Rambus Inc. v. Infineon Techs. AG*, 318 F.3d 1081, 1106 (Fed. Cir. 2003)). But in all such cases we have required a finding of an exceptional case—not a finding of an exceptional portion of a case—to support an award of partial fees. *See, e.g., id.*; *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir. 1989). Because the district court did not find that the case overall was exceptional, we vacate its finding of exceptionality under § 285 and remand for an analysis under the proper legal standard.

## CONCLUSION

We have considered Intellectual Ventures's remaining arguments and do not find them persuasive. For the foregoing reasons, we vacate the district court's finding of exceptionality and grant of attorney fees and remand to the district court to consider whether the circumstances surrounding the expert's changed testimony render the case exceptional under § 285.

**VACATED AND REMANDED**

## COSTS

No costs.